# King *v.* Thomas, *et al.*

*Delinue.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 241.)

*Estoppel; Mortgage; Warranty; Construction.*—Where the husband and wife executed a chattel mortgage on all of their farming tools and implements, live stock, and other personal property, the mortgage containing a covenant that they were seized of an indefeasible estate in fee simple, free from incumbrances, that the property was their own, and that they had a right to convey it, the husband merely conveyed what he owned in severalty, and the wife what she owned in severalty, it not appearing that they owned anything jointly ; the wife not undertaking to convey what the husband owned and not warranting his title thereto, since a warranty is a collateral undertaking on the part of the seller as to the title to personal property sold by him, and is not an undertaking on the part of a third party. Therefore, where the husband's property was covered by a prior mortgage of which the subsequent mortgagee had notice, the wife is not precluded by the mortgage in which she joined from purchasing the property from the prior mortgagee, or estopped from showing that such property was the property of the husband, and that she had acquired title thereto through the prior mortgagee.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by G. W. King against J. H. Thomas for certain personal property, with a claim thereto by Bannie Thomas. Judgment for claimant, and plaintiff appeals. Affirmed.

Transferred from Court of Appeals under the act creating said court.

H. L. MARTIN, and W. O. MULKEY, for appellant.

RILEY & CARMICHAEL, for appellee.

DE GRAFFENRIED, J.—J. H. Thomas and wife, Bannie Thomas, executed and delivered to G. W. King a mortgage on, among other things, "all our farming tools and implements; all our live stock and other personal property," etc. The mortgage was executed and delivered to secure the payment of a note which purports to be the joint obligation of the husband and wife. In the mortgage we find the following: "And we covenant with said mortgagee that we are seized of an indefeasible estate in fee simple in and to said property, freed from incumbrance; that it is our own and that we have a right to convey the same."

This mortgage was made by the said Thomas and wife to secure a debt which was created at the time of the execution of the mortgage, and the plaintiff shows, by his evidence, that the signature of the wife to the note and mortgage was procured for the purpose of rendering her and also her property liable to the payment of the note. Whether this transaction resulted in fixing liability upon the wife or in fastening a lien upon any of the property of the wife, we need not decide. We will treat the case as if it did fix a liability upon the wife and upon her property.

[King v. Thomas, et al.]

It will be noticed that by the terms of the above mortgage there is a representation that the property mortgaged was free from incumbrance, and there is also a stipulation that the mortgagors warrant the title to the property to be good in them.

At the time of the execution of the mortgage, there was a prior recorded mortgage on all of the personal property of the husband, J. H. Thomas, and the plaintiff knew this fact. The parties, when the mortgage was prepared, evidently used a printed form in which the above words appeared, and they were not erased. We advert to this fact for the purpose of indicating that the plaintiff does not claim that he was deceived by the representation in the mortgage that the property conveyed therein was free from all incumbrance.

2. In this connection, we desire to say that we are not called upon to determine whether the mortgage operated to convey the title of the mortgagors to the personalty which each owned in severalty, or whether it only operated to convey that personalty which they jointly owned. What we do decide is that each mortgagor—if the mortgage was operative upon the separate personalty of each—is to be held, under the facts of this case, to have conveyed only his or her interest in that persoalty which he or she, at the time of the execution and delivery of the mortgage, owned.

"A mortgage of all the personal property of any kind of which the mortgagor is possessed passes all such property in existence and in his possession at the time of the execution of the conveyance."—Jones on Chattel Mortgages (5th Ed.) § 54b.

In other words, in so far as this mortgage and the question which we are called upon to decide are concerned, the husband is to be held to have conveyed only

that personalty which he, when the mortgage was exe-
cuted, owned in severalty, and the wife is to be held
to have conveyed only that personalty which she owned
in severalty at the time of the execution of the mort-
gage. The evidence fails to show that the parties joint-
ly owned any personalty, and to hold that the husband,
by the warranty clause, intended to warrant a perfect
title in the wife of all the personalty which was then
in her possession, or to hold that the wife, by that clause,
intended to warrant the title to all of the property
which was then in her husband's possession and to
which she laid no claim of ownership, would stretch
the meaning of the words of this mortgage far beyond
the evident intent of the parties when they executed it.
The wife cannot thus be estopped from showing the
truth as to the title which her husband had in the per-
sonalty of which he was then possessed in severalty.

"If the truth appears upon the face of the deed, there
is no estoppel."—Code on Litt. 352b.

A "warranty" is, in so far as this case is concerned,
a collateral undertaking on the part of the seller as to
the title to personal property sold by him. It is not an
undertaking on the part of a third party, but is an
undertaking on the part of a seller of personal prop-
erty. In this blanket mortgage—which, to be effective
as to the property conveyed, must be aided ·by parol—
the wife has not undertaken to sell property to which
she had no title. She has only undertaken to sell the
personalty which she owned, and her warranty as to
title must be referred to the personalty which she con-
veyed. If the mortgage had embraced property which
belonged jointly to the husband and wife, then their
warranty as to the title to the joint property would
have been jointly binding on them. This is the plain
meaning of the term "warranty," as it is used by the

parties in this mortgage and the warranty should not be extended beyond its plain intent.

3. In this case there was, as already stated, a prior blanket mortgage on the personalty of the husband. After the execution of the mortgage to the plaintiff, the mortgagee in the prior mortgage, under the power contained in the prior mortgage, sold to the wife two of the mules upon which the prior mortgage was operative. We see no reason why she did not, under the evidence in this case, have the right to buy those mules, and thus acquire the prior title which the first mortgagee had to the mules. If, in the mortgage to the plaintiff, a list of the personalty conveyed by it had been scheduled and the mortgage had shown specifically what articles in the schedule belonged to the husband and what articles in the schedule belonged to the wife, and the mortgage had contained a warranty on the part of the husband that his title to his property so scheduled was perfect, and a similar warranty had appeared in the mortgage on the part of the wife, as to her property so scheduled, we presume that the plaintiff would not question the propriety of this purchase by the wife.

The true legal effect of the mortgage to the plaintiff was not greater upon the rights of the parties than it would have been if it had contained the above schedules and had contained the above warranties, as the mortgage, when given the interpretation which its words, properly construed, demand, cannot be held to have intended more. The trial judge cannot be put in error for refusing the written charges which the plaintiff requested him to give to the jury.

If the note which the wife signed is, in fact, binding on her, the plaintiff can obtain a judgment against her and force her, by execution, to pay it; but we do not think that the wife, under the facts of this case,

is estopped from showing that the two mules were, when the mortgage was executed, the property of the husband, and that she has acquired title to them through a prior incumbrancer.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.